Charles H. Clark, Esq. Town Attorney, Canajoharie, Palatine and Root
You have asked whether a full-time employee of a community college who assists from time to time in teaching part of a "drunk driving" course given by the college may also serve as a town justice.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
A "drunk driving" course is part of an alcohol and drug rehabilitation program of the Department of Motor Vehicles (Vehicle and Traffic Law, § 521). Participation in the program is limited to persons convicted of alcohol or drug-related traffic offenses or adjudicated youthful offenders for these offenses (id., subd [c]). A town justice tries alcohol or drug-related traffic offenses (Criminal Procedure Law, §10.30; Vehicle and Traffic Law, § 1192). Thus, it is possible but not inevitable that the town justice here in question could find himself teaching someone who had been convicted or adjudicated in his court.
A town justice has the power to deny a convicted person the privilege of enrolling in the rehabilitation program (id., § 521[1][c]). A youthful offender may enroll in the program only upon the recommendation of the sentencing judge (ibid.). It is conceivable that a town justice who also taught at a "drunk driving" school could prohibit or forbid participation in the program on a basis other than that which should govern exercise of discretion — e.g., because the school was overcrowded or because the justice as teacher decided that the person would not be a good student.
These possible conflicts can be avoided in one of two ways. The justice can arrange with a fellow town justice not to sit in cases arising under section 1192 of the Vehicle and Traffic Law. If for one reason or another this is not feasible at certain times, the town justice could arrange with his community college not to teach during a period when persons who had appeared before him were enrolled in the program. In light of these means of avoiding a conflict, we find no incompatibility.
We conclude that a person may simultaneously serve as a town justice and, as part of full-time employment with a community college, teach from time to time in a "drunk driving" program so long as discrete conflicts of interests are avoided.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.